USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/28/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HERMANN KUMA,

                Plaintiff,

-against-

GREATER NEW YORK CONFERENCE OF
SEVENTH-DAY ADVENTIST CHURCH,
HENRY BERAS, ALONZO SMITH, and EARL
KNIGHT,

                Defendants.

19 Civ. 8484 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Hermann Kuma, brings this action against Defendants, Greater New York Conference of Seventh-day Adventist Church ("GNYC"), Henry Beras, Alonzo Smith, and Earl Knight, asserting breach of contract and negligence claims arising out of a dispute over tax withholding obligations under the Federal Insurance Contributions Act ("FICA"). Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def. Mem. at 1, ECF No. 21. For the reasons stated below, Defendants' motion is GRANTED.

## BACKGROUND

      The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

      Plaintiff underwent extensive theological training in order to serve as a minister of the Seventh-day Adventist Church. Compl. ¶¶ 1–6, ECF No. 1-1. He was a GNYC pastor from October 1, 1996, to June 30, 2017. *Id.* ¶¶ 6–7, 9–10; *see also* Def. Mem. at 2. During Plaintiff's tenure at GNYC, it classified him as an employee, issuing Plaintiff an "employee identification card" and W-2

forms, but not withholding FICA contributions on his behalf. Compl. ¶¶ 14–15; *see also* Def. Mem. at 5–6.

In 2017, Plaintiff retired and the Social Security Administration informed him that he is not eligible for benefits because his employer failed to withhold FICA taxes. Compl. ¶¶ 7, 16. Plaintiff is also ineligible for Medicare benefits. *Id.* ¶ 17. On June 19, 2019, Plaintiff filed an action in Supreme Court, Bronx County. *Id.* at 1. On September 12, 2019, Defendants removed the case to federal court. ECF No. 1.

## DISCUSSION

I. 12(b)(6) Standard

A. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* A court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

II.     Analysis

    A.  FICA Contributions

Because FICA exempts GNYC from withholding contributions on behalf of a person employed as a pastor, dismissal under Rule 12(b)(6) is warranted here. FICA mandates that all employers are subject to "an excise tax, with respect to having individuals in his employ . . . paid by the employer with respect to employment." 26 U.S.C. § 3111(a). The statute, however, excludes from its definition of employment "service performed by a . . . minister of a church in the exercise of his ministry." 26 U.S.C. § 3121(b)(8)(A). For FICA purposes, "minister" encompasses "individuals who are duly ordained, commissioned, or licensed by a religious body" and who "have the authority to conduct religious worship." Social Security and Other Information for Members of the Clergy and Religious Workers, I.R.S. Pub. No. 517, at 3 (Jan. 7, 2020); *see Am. Atheists, Inc. v. Shulman*, 21 F. Supp. 3d 856, 860 (E.D. Ky. 2014) (holding that "[s]alaries of ministers of the gospel are exempted from income tax withholding and FICA taxes").

Employees not covered by FICA are required, under the Self-Employment Contributions Act ("SECA"), to pay taxes for Social Security and Medicare. *See* 26 U.S.C. §§ 1401(a)–(b). SECA explicitly applies to "an individual who is a duly ordained, commissioned, or licensed minister of a church." *Id.* § 1402(a)(8). Ministers may be exempt from mandatory SECA contributions only if they have been granted an exemption. *Id.* § 1402(e)(1).

Defendants' purported mischaracterization of Plaintiff as an independent contractor does not alter the outcome because GNYC had no obligation to withhold FICA taxes on Plaintiff's behalf. *See Shulman*, 21 F. Supp. 3d at 860.

    B.  Individual Defendants

The action should also be dismissed as against Defendants Beras, Smith, and Knight, because the complaints alleges no facts with respect to them as individuals. "[W]here the complaint names a

defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Wise v. Battistoni*, No. 92 Civ. 4288, 1992 WL 380914, at *2 (S.D.N.Y. Dec. 10, 1992) (citing *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)).

The Court concludes, therefore, that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendants' motion to dismiss the complaint is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 19 and close the case.

SO ORDERED.

Dated: August 28, 2020
       New York, New York

_____
ANALISA TORRES
United States District Judge